```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NAKIA HORTON,                    )
                                 )
         Petitioner              )   Civil Action
                                 )   No. 10-cv-04728
         vs.                     )
                                 )
                                 )
MARIROSA LAMAS,                  )
ATTORNEY GENERAL OF THE STATE    )
   OF PENNSYLVANIA and           )
SUPERINTENDENT OF SCI ROCKVIEW   )
                                 )
         Respondents             )

                         *   *   *

APPEARANCES:

         NAKIA HORTON, Pro Se
              On behalf of Himself

         DAVID CURTIS GLEBE, ESQUIRE
         Assistant District Attorney
              On behalf of Respondents

                         *   *   *
```

O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

The matter before the court is the Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 which was filed by petitioner Nakia Horton pro se.  Thereafter, a Report and Recommendation was filed by United States Magistrate Judge Timothy R. Rice which recommended that five of petitioner's claims be denied as procedurally defaulted and, in the alternative, as meritless, and that petitioner's properly

exhausted claim be denied as meritless.  Petitioner then filed objections to the Report and Recommendation.

For the reasons expressed in this Opinion, I approve and adopt the Report and Recommendation, overrule the objections, and deny the amended petition for writ of habeas corpus.

## JURISDICTION

Jurisdiction in this case is based on 28 U.S.C. § 2254 which provides that the court shall entertain an application for writ of habeas corpus of a person in custody pursuant to the judgment of a State court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 2241(d) because petitioner was convicted and sentenced in Montgomery County, Pennsylvania, which is within this judicial district.

## PROCEDURAL HISTORY

On March 31, 1998 a jury sitting in the Court of Common Pleas for Philadelphia County, Pennsylvania, found petitioner Nakia Horton guilty of murder of the second-degree, robbery and possession of an instrument of crime.  Immediately after the verdict, the trial judge sentenced petitioner to life imprisonment.

Petitioner did not file a timely appeal. However, on March 10, 2000 petitioner filed a timely petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). On September 5, 2002 the PCRA court reinstated petitioner's direct appeal rights. However, petitioner did not file an appeal.

On July 22, 2003 petitioner filed another PCRA petition and on December 16, 2003 the PCRA court reinstated petitioner's direct appeal rights and permitted petitioner to pursue a direct appeal of his conviction.

On April 26, 2005 the Superior Court of Pennsylvania affirmed petitioner's conviction. Petitioner did not seek review from the Supreme Court of Pennsylvania.

On August 22, 2005 petitioner filed another PCRA petition. After being appointed counsel by the PCRA court, petitioner filed an amended petition on December 2, 2005.

On January 23, 2008 the PCRA court dismissed the petition and petitioner filed a timely appeal.

However, prior to the dismissal of his PCRA petition, petitioner also had filed numerous petitions and briefs pro se. On January 26, 2009 the PCRA court permitted petitioner to proceed pro se on his appeal of the January 23, 2008 dismissal of his PCRA amended petition.

On September 30, 2009 the Superior Court of Pennsylvania affirmed the dismissal of petitioner's PCRA petition.  On  August 24, 2010 the Supreme Court of Pennsylvania denied review.

On September 14, 2010 petitioner filed the within habeas corpus petition.  On April 14, 2011 United States Magistrate Judge Timothy R. Rice issued his Report and Recommendation.

On May 25, 2011 petitioner filed his objections to the Report and Recommendation.  On June 30, 2011 respondents filed an answer in response to petitioner's objections.

On July 13, 2011 petitioner filed a reply brief in support of his objections to the Report and Recommendation.[1]

On December 5, 2012 petitioner filed a Motion to Correct Procedural Defects With Requested Relief.  On March 14, 2013 petitioner filed supplemental objections to the Report and Recommendation.  On March 27, 2013 petitioner filed a Motion to Strike which sought to withdraw his motion to correct procedural defects.

Hence, this Opinion.

---

[1]   Also on July 13, 2011 petitioner filed an Application for Certificate of Appealability.

DISCUSSION

Habeas Corpus Petition

When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

Here, I conclude that many of petitioner's objections to Magistrate Judge Rice's Report and Recommendation ("R & R") are merely a restatement of the underlying claims contained in

his petition for habeas corpus and are without merit.  They include petitioner's claims that

> (1)  any procedural default was caused by the PCRA court's refusal to permit petitioner to proceed pro se during his state collateral review proceedings;
>
> (2)  the state court failed to properly follow state law when the court determined his pro se claims had been waived;
>
> (3)  petitioner's trial counsel and counsel on direct appeal were ineffective for failing to object to the trial judge's response to a jury question during deliberations;
>
> (4)  trial counsel was ineffective for failing to request an evidentiary hearing during trial regarding possible interactions between jurors and a witness for the Commonwealth of Pennsylvania;
>
> (5)  trial counsel was ineffective for failing to object to hearsay testimony at trial;
>
> (6)  trial counsel was ineffective for failing to object to the prosecutor's closing argument;
>
> (7)  trial counsel was ineffective for failing to object to the trial judge's comments regarding a defense witness; and
>
> (8)  appellate counsel was ineffective for failing to raise the trial court's denial of mistrial as a basis for appeal.

See Amended Petition for Writ of Habeas Corpus, pages 8-85; see also Horton's Written Objections to the R & R, pages 6-23.

Moreover, upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the

R & R correctly determines the legal and factual issues raised by petitioner for the following reasons.

Petitioner's first two claims do not state grounds for relief, but rather provide an explanation of why many of his other claims for relief were not raised during his proceedings pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541 to 9546 ("PCRA").

However, despite petitioner's explanation asserted in Grounds One and Two, Magistrate Judge Rice concludes that, except for Ground Three, all of petitioner's claims were procedurally defaulted. Specifically, petitioner's following claims of ineffective assistance of trial counsel were never presented during petitioner's PCRA proceedings:

> (1) failing to request an evidentiary hearing regarding interactions between jurors and a witness for the Commonwealth of Pennsylvania (Ground Four);
>
> (2) failing to object to hearsay testimony at trial (Ground Five);
>
> (3) failing to object to the prosecutor's closing argument (Ground Six);
>
> (4) failing to object to the trial judge's comments regarding a defense witness (Ground Seven); and
>
> (5) appellate counsel's ineffectiveness for failing to raise the trial court's denial of mistrial as a basis for appeal (Ground Eight).

Pursuant to 28 U.S.C. § 2254, a federal court may not grant habeas corpus relief to a state prisoner unless the prisoner has exhausted his available remedies in state court.  A petitioner "shall not be deemed to have exhausted the remedies available...if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  Accordingly, a petitioner must present his claim to every level of state court review in order to exhaust that claim.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865, 868 (1995).

Here, petitioner had the right to raise Grounds Four through Eight in his PCRA proceedings, but did not do so. Therefore, each of those claims are procedurally defaulted because he would be time-barred if he attempted to now present them through a new PCRA petition.

Nevertheless, petitioner may obtain federal habeas review of his defaulted claims if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111, S.Ct. 2546, 2565, 115 L.Ed.2d 640, 669 (1991).

Petitioner argues that the PCRA court's refusal to permit him to proceed pro se in his PCRA proceedings demonstrates

cause and prejudice for procedurally defaulting on his claims raised in Grounds Four through Eight.  However, a post-conviction court is not required to consider pro se claims where a petitioner is represented in the post-conviction proceedings. Commonwealth of Pennsylvania v. Pursell, 555 Pa. 233, 250, 724 A.2d 293, 302 (1999).  Therefore, the PCRA court was not obligated to consider petitioner's claims, and he cannot raise them in first instance in his habeas corpus petition.

In petitioner's supplemental objections to the R & R (Document 35), he contends that, pursuant to Maples v. Thomas, __ U.S. __, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012), petitioner was excused from raising these claims in his PCRA proceedings because his counsel abandoned him during his PCRA proceedings.

However, petitioner does not provide any evidence that his counsel abandoned him.  In fact, petitioner contends the opposite: that he was not permitted to proceed pro se. Therefore, Maples does not provide any support for petitioner's assertion that he has demonstrated cause for failing to exhaust his claims.

Additionally, petitioner contends that Martinez v. Ryan, __ U.S. __, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), excuses his procedural default because his PCRA counsel was ineffective for failing to raise the claims asserted by petitioner in his initial PCRA proceedings.

In Martinez, the United States Supreme Court held that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.

However, here, petitioner has failed to establish that his counsel during his PCRA proceedings was ineffective because petitioner did not establish that he suffered any prejudice as a result of his counsel's alleged deficient performance during the PCRA proceedings. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1994).

In fact, Magistrate Judge Rice conducted a de novo review of each of petitioner's procedurally defaulted claims and determined that none had any merit. See R & R, pages 18-29. Therefore, petitioner's objections to the R & R concerning Grounds Four through Eight are overruled.

Moreover, although petitioner has not procedurally defaulted Ground Three of his habeas corpus petition, Ground Three lacks merit. In his third claim for relief, petitioner contends that his trial counsel and counsel on direct appeal were ineffective for failing to object to the trial judge's response to a jury question during deliberations.

Specifically, during jury deliberations at petitioner's trial, the jury asked "[i]f we agree that the murder was committed during a robbery, is there any way that it can be

considered murder of the third degree?"  (Notes of Testimony, "Trial (Jury) Volume I[,] November 24, 1997", pages 87-88).

Petitioner's counsel requested that the judge respond "yes" without explanation.  Defense counsel contended that the jury is permitted to reach an inconsistent verdict and that "the law is that they can reach any verdict they want to reach in the case."  (Id. at 87-89).

However, the trial court rejected defense counsel's objection and concluded that to answer the question "yes" without explanation would indicate that they could disregard the law.  Ultimately, the court instructed the jury that "[T]he answer is yes, if you unanimously agree to it, but that finding would involve the total disregard of the legal definition of the elements of second degree murder explained in this court's instructions."  Id. at 93.

Petitioner contends that his trial counsel was ineffective for his failure to challenge the trial judge's explanation.  However, this response was not contrary to, nor an unreasonable application of, clearly established federal law.  See 28 U.S.C. § 2254.  Rather, the scope of supplemental instructions given in response to a jury's request is committed to the discretion of the trial judge.  Commonwealth of Pennsylvania v. Davalos, 779 A.2d 1190, 1195 (Pa.Super. 2001).

Accordingly, a judge is permitted to clarify the law to avoid jury confusion.  Id.

Because the trial judge's supplemental instruction to the jury was permissible, petitioner's counsel was not ineffective for failing to object to the judge's explanation.  Counsel cannot be ineffective for failing to raise an objection which is without merit.  Real v. Superintendent Shannon, 600 F.3d 302, 309 (3d Cir. 2010).

Accordingly, petitioner's objections to the R & R concerning Ground Four are overruled.

In addition to the objections raised by petitioner which merely restate his habeas corpus claims, petitioner also contends that Magistrate Judge Rice erroneously denied his request to file an amended habeas corpus petition and file a reply brief in excess of ten pages.  Finally, petitioner contends that Magistrate Judge Rice erroneously denied him an evidentiary hearing on his claims.  None of these objections have merit.

Petitioner initially filed his habeas corpus petition on September 14, 2010.  By Order of Magistrate Judge Rice dated and filed November 5, 2010 (Document 5), petitioner was permitted to file an amended habeas corpus petition.  On November 30, 2010 petitioner's amended habeas corpus petition was filed, which is 85 pages long and is accompanied by 11 Exhibits.

On March 2, 2011 petitioner again sought leave to file an amended petition (Document 18). However, when petitioner sought leave to amend, he did not explain why amending his petition was necessary. Nor do petitioner's objections to the R & R explain the basis on which he sought leave to amend. Accordingly, that objection to the R & R is overruled.

Nor does Magistrate Judge Rice's imposition of a ten-page limitation for petitioner's reply brief provide a basis for relief. Local Rule 9.4 of the Rules of Civil Procedure for United States District Court for the Eastern District of Pennsylvania, which governs habeas corpus petitions, provides that "[a]ny reply to the response must be filed within twenty-one (21) days of the filing of the response and may not exceed thirty (30) pages."

Here, by Order dated March 3, 2011 and filed March 4, 2011 (Document 19) Magistrate Judge Rice provided petitioner with an extension of time to file his reply but limited its length to ten pages. However, at the time petitioner sought an extension of time to file his reply, he did not indicate a greater length was required; nor did he object to Judge Rice's limitation at that time.

Petitioner had already extensively briefed his amended habeas corpus petition and a longer reply was not necessary. Most importantly, petitioner has not specified in his objections

-13-

why a longer brief was necessary, nor how he was prejudiced by a ten-page limitation. Therefore, petitioner's objection concerning the page limitation is overruled.

Finally, petitioner objects to being denied an evidentiary hearing. However, he is not entitled to an evidentiary hearing. <u>See</u> 28 U.S.C. § 2254(e). Nor was Judge Rice's conclusion that one was not necessary in this case erroneous because petitioner did not explain how an evidentiary hearing would advance his claim or indicate what evidence he would produce beyond that already contained in the record. Accordingly, petitioner's objection to the denial of an evidentiary hearing is overruled.

Because none of petitioner's objections are meritorious, and because upon my review of the R & R, I conclude that Magistrate Judge Rice correctly determined the legal and factual issues presented in this habeas corpus petition, I approve and adopt the R & R, and petitioner's habeas corpus petition is dismissed with prejudice.

Further, because no reasonable jurist could find this ruling debatable, I deny petitioner a certificate of appealability.

### Motion to Strike

In his motion to strike, petitioner requests that his Motion to Correct Procedural Defects With Requested Relief be stricken.  Petitioner asserts that he filed his motion to correct procedural defects based on erroneous advice from a "jailhouse lawyer".  I interpret petitioner's motion to strike as a request to withdraw his Motion to Correct Procedural Defects With Requested Relief.  Accordingly, petitioner's Motion to Correct Procedural Defects With Requested Relief is withdrawn.

However, even if I were to consider petitioner's Motion to Correct Procedural Defects With Requested Relief on the merits, it would not afford him any relief.  In his motion to correct defects, petitioner requests that he be permitted to withdraw his Application for Certificate of Appealability.  Because I have concluded that no certificate of appealability is warranted in this matter, petitioner's request to withdraw that application is moot.

Additionally, in his motion to correct procedural defects, petitioner also requests that he be permitted to withdraw his habeas corpus petition without prejudice and be permitted to file an amended habeas corpus petition.  Petitioner further requests that respondents be ordered to produce a complete set of discovery material from the underlying criminal case, which led to the conviction challenged in this habeas corpus petition.

However, as explained above, petitioner had already been granted permission to file an amended habeas corpus petition, which he did.  Petitioner has not sufficiently explained the necessity for him to file another amended petition. Therefore, were I to consider petitioner's motion to correct procedural defects on the merits, I would not permit him to file another amended petition.

Moreover, were I to consider on the merits the request in petitioner's withdrawn motion to correct procedural defects, which seeks an order directing respondents to produce discovery material from petitioner's underlying criminal case, I would deny that request.  Petitioner has not provided any reason for his request for discovery, nor has he provided any legal authority indicating that he is entitled to it.

In addition, because petitioner did not make this request until December 5, 2012, more than two years after his initial habeas corpus petition and more than a year and a half after the R & R was filed, I conclude that petitioner's request for discovery is untimely.  Accordingly, were I to consider it, petitioner's withdrawn motion to correct procedural defects would not provide any basis for relief.

## CONCLUSION

For all of the foregoing reasons, petitioner's objections and supplemental objections to the Report and Recommendation by United States Magistrate Judge Timothy R. Rice

filed April 14, 2011 are overruled.  Accordingly, I approve and adopt the Report and Recommendation and deny petitioner's habeas corpus motion without a hearing.  Moreover, I deny petitioner's Application for a Certificate of Appealability.

Furthermore, I interpret petitioner's motion to strike as a request to withdraw his Motion to Correct Procedural Defects With Requested Relief, and order withdrawn his motion to correct procedural defects.